UNITED STATES of America,
Plaintiff-Appellee,

v.

Dale G. BENDER, Defendant-Appellant.

No. 79–1116.

United States Court of Appeals,
Ninth Circuit.

Oct. 19, 1979.

Frank J. Susak, Portland, Or., for defendant-appellant.

George L. Hastings, Jr., Washington, D. C., argued, for plaintiff-appellee; M. Carr Ferguson, Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D. C., on brief.

Before ELY and HUFSTEDLER, Circuit Judges, and TAYLOR,* District Judge.

PER CURIAM:

Bender appeals from his conviction for violating 26 U.S.C. § 7206(1) by reason of his willfully omitting specific items of taxable income from his returns for the years 1972, 1973, and 1974. Bender was indicted on four counts of attempted tax evasion for the years 1971 to 1974, inclusive, in alleged violation of 26 U.S.C. § 7201. The district court acquitted him of the section 7201 charges. The Government argued, successfully below, that Bender's acquittal of the section 7201 counts did not prevent the district court from finding him guilty of violating section 7206(1) because the latter was a lesser included offense in the offense for which he was indicted.

Bender contends, on appeal, that his acquittal foreclosed his conviction for violating section 7206(1) because there was no disputed factual element in the section 7201 charges that was not also required for conviction of the section 7206(1) charges. We agree with Bender, and we reverse his conviction.

Section 7206(1) is not a lesser included offense within section 7201 unless "the charged greater offense requires the [fact finder] to find a disputed factual element which is not required for conviction of the lesser-included offense." (*Sansone v. United States,* 380 U.S. 343, 350, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882 (1965).)

Section 7201 provides; "Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony . . ."

Section 7206(1) provides that "[any person who] willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter; . . . shall be guilty of a felony . . ."

■ A defendant can be guilty of violating section 7201 without violating section 7206(1) and vice versa because the elements of the offenses are not identical. However, in any particular case, section 7206(1) may not be a lesser included offense within section 7201 because, on the proof offered, the factual elements may be identical.

The Government tried to prove that Bender under-reported his income for the tax years in question because he had large earnings attributable to those tax years that he derived from illegal drug trafficking. The Government also offered evidence that Bender had failed to report interest income earned on a loan during the years 1972, 1973, and 1974. Bender's defense on the first theory was that he had a large cash hoard received from illegal income not attributable to any of the tax years in question. Upon his failure to report interest income, his only defense was that the failure to report was not willful.

The acquittal on the section 7201 charges could not have been made unless the district court found that both (1) the tax hoard theory was true, or that the Government otherwise failed in its proof of illegal income attributable to the tax years in question, and that (2) failure to report the interest income was not willful.

■ In order to prove a violation of section 7201, the Government need not prove any specific amount attributable to any tax year that has been unreported. All it needs to establish is "some deficiency" for each year encompassed by the charge. (*Olender v. United States,* 237 F.2d 859, 867 (9th Cir. 1956).) The Government did prove that there was "some deficiency" for 1972, 1973, and 1974 by reason of the failure to report interest income.

* Honorable Fred M. Taylor, Senior United States District Judge, District of Idaho, sitting by designation.

Therefore, if there was any element necessary to convict Bender of a violation of section 7201, which was not equally encompassed by section 7206(1), it has to be some difference in the mental element, the only disputed fact in respect of the failure to report interest income. The Government's difficulty is that both section 7201 and section 7206(1) require that the omission be "willful."

We can find no support for the Government's argument that a different state of mind is required by the willfulness element in the two statutes. As the Supreme Court observed in *United States v. Bishop,* 412 U.S. 346, 361, 93 S.Ct. 2008, 2017–18, 36 L.Ed.2d 941 (1973): "Until Congress speaks otherwise, we therefore shall continue to require, in both tax felonies and tax misdemeanors that must be done 'willfully,' the bad purpose or evil motive described in *Murdock, supra* [290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381 (1933)]. We hold, consequently, that the word 'willfully' has the same meaning in § 7207 that it has in § 7206(1). Since the only issue in dispute in this case centered on willfulness, it follows that a conviction of the misdemeanor would clearly support a conviction for the felony. Under these circumstances a lesser-included-offense instruction was not required or proper . . . ." (footnote omitted.)

Both section 7206(1) and section 7201 are felonies. *A fortiori* there is no reason to decide that "willfully" as used in section 7206(1) has any other or different meaning from the same term used in section 7201. The only evidence that the Government offered to support a conviction under section 7206(1) was the claimed failure to report illegal income and the failure to report the interest income. The only disputed issue with respect to the failure to report the interest income was willfulness. If the district court had believed that the failure to report the interest income was willful, it could not have acquitted Bender on the section 7201 charges.

REVERSED.