**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Kenneth A. BARRILLEAUX,
Defendant-Appellant.**

**No. 84–3016.**

United States Court of Appeals,
Fifth Circuit.

Oct. 31, 1984.

Michael S. Fawer, Cindy M. Harris, Marie O. Riccio, New Orleans, La., for defendant-appellant.

John Volz, U.S. Atty., Harry W. McSherry, Asst. U.S. Atty., New Orleans, La., for plaintiff-appellee.

Before GEE, REAVLEY and DAVIS, Circuit Judges.

PER CURIAM:

Defendant Kenneth A. Barrilleaux was indicted by a federal grand jury on two counts of federal income tax evasion (26 U.S.C. § 7201) and two counts of subscribing to false income tax returns (26 U.S.C. § 7206(1)) (R. Doc. 1). At the jury trial the defense moved for a judgment of acquittal as to all counts, arguing, as to the tax evasion count, that an affirmative act of concealment had to be found to convict the defendant. Misled by this argument, the court dismissed the tax evasion counts (counts 1 and 3); however, it denied the motion as to the false statement counts (counts 2 and 4). The jury found Barrilleaux guilty on both of these counts.

In a post-conviction motion for judgment of acquittal (F.Rule Crim.P. 29), the defense argued that collateral estoppel required the trial court to dismiss the false statement counts at the same time that the tax evasion counts were dismissed, because both crimes involve the same element of "wilfulness." After oral argument the trial court entered written reasons for denying defendant's motion. These make clear that the court recognized that it had misconstrued the proof of intent required to convict defendant of the tax evasion offense, and that after reviewing *United States v. Bender*, 606 F.2d 897 (9th Cir. 1979), a case discussing the elements of both a § 7201 and a § 7206(1) offense, it realized the error it had made. The court stated:

> In light of *Bender*, the evidence adduced by the government in regards to those counts (1 and 3) was sufficient both to let the issue go to the jury and to sustain a guilty verdict. In other words, the evidence adduced at trial was sufficient to convict Mr. Barrilleaux on each of the four counts in the indictment.

The court concluded that any error that it committed in granting the motion for judgment of acquittal was at worst harmless since it redounded to the benefit of Barrilleaux. Defendant appeals from the defendant's conviction on counts 2 and 4

(false statement counts) and the court's finding of harmless error in dismissing Counts 1 and 3.

### Sufficiency of the Evidence

■ Barrilleaux argues that the evidence was not sufficient to support his § 7206(1) conviction. In reviewing a sufficiency of the evidence claim on appeal, the standard to be applied is: Viewing the evidence in the light most favorable to the jury verdict, and deferring to the jury's resolution of credibility determinations and justifiable inferences of fact, could a reasonable trier of fact have found that the evidence established guilt beyond a reasonable doubt?

■ In order to make out a violation of § 7206(1) the government must prove: (1) specific intent to make a material false statement on a tax return, and (2) subscribing the tax return under the penalties of perjury. Defendant alleges that evidence of specific intent is insufficient. However, contrary to defendant's position, there is no requirement that showing the specific intent for a § 7206(1) violation requires proof of an affirmative act of concealment; it is enough that the government show the defendant was aware that he was causing his taxable income to be underreported.

■ Barrilleaux caused the underreporting by use of a simple technique: he set up two bank accounts. Into one, through his bookkeepers, he deposited part of the proceeds of his physical therapy business; into the other, he personally deposited the remainder. He reported only the first account to his tax preparer. The record evidence is more than adequate reasonably to support a finding that Barrilleaux was aware that this scheme caused his income to be underreported on his return.

### Inconsistent Rulings

Barrilleaux next contends that the trial court's dismissal of the § 7201 counts required dismissal of the § 7206(1) counts as well, because the element of "wilfulness" required for each is the same. This argument stands the law on its head.

■ As the trial court made clear in its statement of reasons to deny the post-conviction motion, it dismissed the § 7201 counts but not the § 7206(1) counts under the mistaken impression that the nature of the required "wilfulness" in each case was *different*—that is, that in a § 7201 offense, the government had to prove more in the way of affirmative acts than it had to prove in a § 7206(1) case. As *Bender* and other cases make clear, in the circumstances of this case this was error: the proof here sufficed to make out both offenses. *See e.g., Hensley v. U.S.*, 406 F.2d 481 (10th Cir.1968). This interpretation of the court's rulings is further supported by the trial court's instruction to the jury explaining the wilfulness necessary to establish a § 7206(1) offense, an instruction wholly inconsistent with the defendant's theory that the court concluded the evidence did not show wilfulness as to the § 7206(1) offense either.

■ Merely because the court acted under a misapprehension of law in dismissing counts 1 and 3, it does not follow that it was constrained to dismiss counts 2 and 4 in furtherance of the same misapprehension after it had been discovered. The defendant acquired no vested right in the court's original legal error by reason of the earlier dismissals, dismissals that redounded erroneously to his benefit.

### Collateral Estoppel

■ In this Circuit, it is settled that collateral estoppel does not apply in the context of a single trial. *U.S. v. Cauci,* 635 F.2d 441, 448 (5th Cir.1981), *cert. denied,* 454 U.S. 831, 102 S.Ct. 128, 70 L.Ed.2d 108. Thus, even were the earlier ruling to be seen as a factfinding—a most dubious view—this disposes of defendant's argument on this ground.

AFFIRMED.