# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 17, 2021

Lyle W. Cayce
Clerk

No. 20-10824
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TAMMY BOULYAPHONH,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-450-1

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.
PER CURIAM:*

Tammy Bouylaphonh was convicted by a jury of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and of four counts of false statements on income tax returns, in violation of 26 U.S.C. § 7206(1). She maintains that the evidence presented at trial was insufficient to support her

---

\* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10824

convictions. Because Boulyaphonh preserved her sufficiency challenge, our review is de novo. *See United States v. Frye*, 489 F.3d 201, 207 (5th Cir. 2007).

Boulyaphonh asserts that the evidence offered at trial did not establish that she conspired to defraud the United States by filing false tax returns that did not fully report the income from a chiropractic clinic that she owned and helped to operate. She argues the evidence did not establish that she entered into an agreement to defraud the United States and knowingly conspired to pursue the unlawful goal of filing false tax returns.

The evidence, viewed in the light most favorable to the Government and with all reasonable inferences made in favor of the verdict, supported the conviction. *See United States v. Romans*, 823 F.3d 299, 311 (5th Cir. 2016); *United States v. Terrell*, 700 F.3d 755, 760 (5th Cir. 2012). The jury could have inferred that Boulyaphonh and her husband agreed to file false income tax returns, and she knowingly effectuated the reporting of false information in those returns. *See United States v. Xie*, 942 F.3d 228, 240 (5th Cir. 2019); *see also* § 371. The evidence established that Bouylaphonh and her husband, who filed joint tax returns, owned the clinic and collaborated in collecting and developing the data and records that they supplied to their tax preparer as the basis for their business and personal tax returns. These materials, inter alia, omitted a substantial amount of income that Bouylaphonh and her husband reasonably should have known was reportable—including payments from attorneys who settled claims for victims of car accidents who were treated at the clinic. There was evidence from which a jury could infer that Bouylaphonh and her husband knowingly conspired to exclude the payments, which Bouylaphonh diverted in part to her personal bank account, to forward their common aim of reducing their tax liability by underreporting their income. Other evidence reflected that Boulyaphonh and her husband knew that payments to the clinic exceeded their reported income and that they

No. 20-10824

worked together to hide and to misrepresent their true income. Therefore, this claim fails.

Boulyaphonh also argues that the evidence was insufficient to support her convictions for false statements on a tax return. She contends that there was no evidence that she willfully made false statements on her tax returns, and the evidence did not prove that she voluntarily and intentionally sought to underreport her income.

The evidence, viewed in the light most favorable to the Government and with all reasonable inferences made in favor of the verdict, was sufficient to support that Boulyaphonh filed false tax returns. *See Romans*, 823 F.3d at 311; *Terrell*, 700 F.3d at 760. The jury could have inferred that the joint tax returns filed by Boulyaphonh and her husband, which were signed under penalty of perjury, deliberately understated the income of the clinic and that Boulyaphonh committed acts the likely effect of which would be to mislead or to conceal. *See United States v. Boyd*, 773 F.3d 637, 644 (5th Cir. 2014); *United States v. Chesson*, 933 F.2d 298, 304 (5th Cir. 1991). The trial evidence reasonably supported the finding that Boulyaphonh, instead of believing that a significant portion of the payments to the clinic did not need to be reported, ensured that her business and personal tax returns were based on erroneous information and willfully engaged in a pattern of underreporting her income. *See United States v. Stokes*, 998 F.2d 279, 281 (5th Cir. 1993); *Chesson*, 933 F.2d at 304. While Boulyaphonh argues that the false statements on the tax returns were based on a good-faith belief that attorney payments did not have to be reported, the jury could have inferred that her failure to disclose or ask about the payments was deliberate and that the submission of false tax returns was purposeful. *See United States v. Charroux*, 3 F.3d 827, 831-33 (5th Cir. 1993); *Stokes*, 998 F.2d at 281. Her claim that her husband was responsible for the false tax returns is belied by her role in preparing the returns and other evidence reflecting that she was aware that payments to the clinic were not

3

No. 20-10824

reflected on the returns. *See United States v. Bolton*, 908 F.3d 75, 90 (5th Cir. 2018); *United States v. Barrilleaux*, 746 F.2d 254, 256 (5th Cir. 1984). Even if there was evidence suggesting that the false statements on the income tax returns were not willfully made, the jury could choose among the reasonable constructions of the evidence, which, in this case, includes a construction consistent with guilt. *See United States v. Baytank (Houston), Inc.*, 934 F.2d 599, 616 (5th Cir. 1991).

AFFIRMED.