**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James Michael FALCO, Defendant-Appellant.**

**No. 73-3681.**

United States Court of Appeals, Fifth Circuit.

July 22, 1974.

---

Max Kogen, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Miami, Fla., Marshall Tamor Golding, U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before DYER and MORGAN, Circuit Judges, and KRAFT, District Judge.

KRAFT, District Judge.

Appellant, James Michael Falco (Falco), was indicted on June 13, 1972 under No. 72–450–CR–PF, together with Ettore Coco (Coco) and Louis Nakaladski (Nakaladski). On September 4, 1973, Falco was again indicted with the same co-defendants under No. 73–636–CR–PF.

The earlier indictment embodied eight counts which, insofar as here relevant, may be briefly summarized:

Count 1. *Conspiracy* by the defendants *and other persons unknown to the Grand Jury* to obstruct, etc., interstate commerce by extortion, etc. in violation of 18 U.S.C. § 1951.

Count 2. Obstruction, etc., of interstate commerce by defendants by extortion, etc., from Joel Whitice (Whitice). 18 U.S.C. § 1951.

Count 3. Obstruction, etc., of interstate commerce by Coco and Falco by extortion, etc., from Richard Besola (Besola). 18 U.S.C. § 1951.

Count 4. *Conspiracy* by defendants *and other persons unknown to the Grand Jury* to make extortionate extensions of credit, etc. in violation of 18 U.S.C. § 892.

Count 5. *Conspiracy* by defendants *and other persons unknown to the Grand Jury* to use extortionate means, etc., to collect and attempt to collect extensions of credit. 18 U.S.C. § 894.

Count 6. Extortionate extensions of credit, etc. by the defendants to Whitice. 18 U.S.C. § 892.

Count 7. Use of extortionate means by the defendants to collect and to attempt to collect from Whitice. 18 U.S.C. § 894.

Count 8. Use of extortionate means by Coco and Falco to collect and to attempt to collect from Besola. 18 U.S.C. § 894.

The later indictment, in a single count, charged the defendants with use of extortionate means to collect and to attempt to collect from Martin Davidow (Davidow). 18 U.S.C. § 894.

Because Falco was then unavailable, Coco and Nakaladski were earlier tried together on the eight-count indictment. Both were acquitted on Count 1 and Coco was acquitted on Count 3. Both were convicted and sentenced on all other counts and, on appeal, their convictions were affirmed. United States v. Nakaladski, 5 Cir. 1973, 481 F.2d 289, cert. denied, 414 U.S. 1064, 94 S.Ct. 570, 38 L.Ed.2d 469.

At his later trial on both indictments, Falco was convicted and sentenced on all counts. This appeal followed.

Falco's first contention is that the prior acquittal of Coco and Nakaladski on Count 1 of No. 72–450 barred further prosecution of Falco on this conspiracy charge, and that the denial of his motion to dismiss was error. The essence of his argument is that, since conspiracy requires the participation of two or more persons, the acquittal of the other two conspirators named in Count 1 of the indictment renders his conviction as the third named conspirator impossible. Appellant completely ignores the inclusion among the conspirators of "other persons to the Grand Jury unknown".

■ The earlier acquittal of Coco and Nakaladski did not bar the government, under the language of Count 1, from undertaking to prove the conspiracy alleged between Falco and the person or persons whose identity was unknown to the Grand Jury. Falco's motion to dismiss was properly denied. Rogers v. United States, 340 U.S. 367, 375, 71 S.

Ct. 438, 95 L.Ed. 344; United States v. Cabrera, 5 Cir. 1971, 447 F.2d 956.

Appellant, neither in his brief nor oral argument, appears to have challenged the sufficiency of the evidence to sustain the conviction on Count 1 and appellee appears to have interwoven the questions of the sufficiency of Count 1, under attack by appellant's motion to dismiss, and the sufficiency of the evidence to sustain it. Our review of the evidence satisfies us that it was sufficient to support the conviction on this count.

Falco's second contention is that the denial of his motion to dismiss Count 1 so tainted his trial on all the remaining charges as to amount to a denial of due process, essentially because of the admission of evidence, which, he asserts, would otherwise have been inadmissible. This argument, which omits mention of the two other conspiracy charges (Counts 4 and 5), is without merit in any event, because the motion to dismiss was rightly denied.

Appellant's next challenge is to the sufficiency of the evidence to sustain his conviction upon the single count of No. 73–636, urging that the evidence disclosed that only Nakaladski had loaned to and collected from Davidow. Again, Falco disregards the conspiracy charges in Counts 4 and 5, and the evidence adduced in support of those charges, that he, Coco and Nakaladski conspired to, and acting concertedly did, make extortionate extensions of credit and use extortionate means to collect and to attempt to collect such extensions of credit. Considering almost the same testimony of Goodman and Davidow, this Court said in United States v. Nakaladski, *supra,* at 296:

"The challenged testimony illuminated the nature of the conspiracy and established that appellants were not merely fringe associates in the conspiracy, but rather intended to participate actively in that conspiracy. Thus the . . . testimony was relevant and admissible to show: . . . (3) the existence of a gener-

al conspiracy of which the conspiratorial and substantive offenses involving Whitice and Besola were integral parts; . . ."

■ To the latter clause we need only now add the name of Davidow, since the single count indictment naming him as a victim was returned after the convictions of Coco and Nakaladski. Falco, as a party to a continuing conspiracy, is accountable for the substantive offense committed by Nakaladski, a co-conspirator, in furtherance of the conspiracy, even though Falco did not directly participate in the substantive offense. Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946).

■ Appellant's further complaint that the trial judge erred in admitting hearsay evidence, because No. 73–636 charged only a substantive offense, is devoid of merit. The substantive offense charged was in furtherance of and one of the objectives of the conspiracy.

■ We reject, as baseless, appellant's final contention that he is entitled to a new trial, because of one statement of the trial judge during the direct examination of the government's witness, Eugene Hutto.

Hutto was asked: "What, if anything, did Mr. Whitice say at these meetings concerning any payments to Mr. Falco?" Appellant's counsel objected on ground that the question sought to elicit hearsay statements made in Falco's absence. The trial judge overruled the objection and said: "I assume he is going to impeach the testimony of Mr. Whitice."

Government counsel immediately stated that his purpose was to show Whitice's state of mind. Nonetheless, Fal-

co's counsel moved for a mistrial on the ground that the trial judge's statement inferred that Whitice was lying, and requested that, in lieu of granting the motion, the trial judge should make a statement indicating that there was no inference of lying by Whitice.

We think there is no rational basis for appellant's argument that the jury could infer from the statement of the trial judge either that Whitice was unworthy of belief or that the trial judge so believed. The plain meaning of the statement is that the trial judge was under the impression that the question put to Hutto was intended to elicit a response, which would challenge the credibility of Whitice in some respect. The trial judge said nothing to indicate either belief or disbelief of Whitice or of Hutto.

The trial judge denied Falco's motion for a mistrial and, in a commendable abundance of caution, instructed the jury:

"Ladies and gentlemen, I am going to overrule the objection.

Again, you should keep in mind that the only reason that this answer is being allowed into evidence is to show or to tend to show or to at least allow you all to receive evidence that might assist you in determining the state of mind of Mr. Whitice. It is not admitted for the truth or falsity of the statement, but it is just evidence that is admissible for you to consider in determining the state of mind of Mr. Whitice.

Do you all understand that?"

Appellant voiced no objection to the adequacy of the instruction and requested no further instructions.

The judgments are affirmed.