UNITED STATES of America, Appellee,

v.

**Rafael RIVERA DIAZ,
Defendant-Appellant.**

UNITED STATES of America, Appellee,

v.

**Genarò CAUTINO JORDAN,
Defendant-Appellant.**

UNITED STATES of America, Appellee,

v.

**Roberto OLIVERO, Defendant-Appellant.**

**Nos. 75–1316 to 75–1318.**

United States Court of Appeals,
First Circuit.

Heard Feb. 9, 1976.

Decided June 28, 1976.

---

Gerardo Ortiz Del Rivero, Santurie, P. R., for appellants Nos. 75–1316 and 75–1317.

Blas Herrero, Hato Rey, P. R., for appellant in No. 75–1318; Carlos Noriega, Hato Rey, P. R., on brief.

Alan J. Sobol, Atty., Dept. of Justice, Washington, D. C., with whom Julio Morales Sanchez, U. S. Atty., and George S. Kopp, Atty., Dept. of Justice, Washington, D. C., were on brief, for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

Appellants and others were charged with various crimes arising out of a scheme to import marihuana into Puerto Rico from Colombia and to distribute it in Puerto Rico. After a jury trial, the appellants were convicted. This appeal followed.

Early in the trial the court admitted into evidence recordings of two conversations that contained statements of a coconspirator linking each of the appellants to the importation scheme, and the most substantial question on this appeal is whether the court's failure to give limiting instructions in advance on the use of those statements requires reversal under *United States v. Honneus,* 508 F.2d 566 (1st Cir. 1974), *cert. denied,* 421 U.S. 948, 95 S.Ct. 1677, 44 L.Ed.2d 101 (1975).

The two conversations had occurred in August 1974, some six months after the conspirators had transferred the marihuana to Puerto Rico. The speakers were Colon Echevarria, an unindicted coconspirator, and Alberto Guerrero, a Government informant. Colon Echevarria, who later cooperated with the Government and testified at the trial, was at the time still actively engaged in the conspiracy as middleman between the Colombia sellers and the Puerto Rico buyers. Alberto Guerrero, the informant, was acting as the collection agent for the Colombians. The subject of the conversations was the amount still owed the Colombians by each of the Puerto Ricans for his share of the imported marihuana. By taping a recording device under Guerrero's shirt, the Government had secured recordings of what was said, including statements by Colon Echevarria linking each of the appellants to the importation scheme.

When the Government sought to introduce these recordings, the appellants objected vigorously, primarily on the grounds (1) that the evidence of Alberto Guerrero's consent to the recording was inadequate and (2) that any conspiratorial involvement by the appellants had ended before the conversation occurred. Although in the course of arguing these points one of the appellants' counsel suggested the possibility of limiting instructions, citing *Honneus,* the court's invitation to offer specific instructions went unanswered, and the argument soon shifted back to the issues of consent and termina-

tion. The court ultimately resolved those issues against the appellants,* and admitted the recordings without instructions.

In *Honneus* we adopted the rule of *United States v. Apollo,* 476 F.2d 156, 163 (5th Cir. 1973), recognizing a "minimum obligation on the trial judge in a conspiracy case in which extrajudicial statements of alleged co-conspirators are proffered to give a cautionary instruction on the limited uses of hearsay testimony . . . either prior to the introduction of any evidence or immediately upon the first instance of such hearsay testimony." *Id., quoted in Honneus, supra,* 508 F.2d at 577. While the district court in *Honneus* had failed to give such advance instructions, we did not reverse on that ground. We noted that the defendant had not requested proper instructions, that the independent evidence of his involvement in the conspiracy was adequate by any standard, and that the requirement of advance instructions had not previously been established in this circuit. We stressed, however, that "[t]he *Apollo* rule should . . . be observed in conspiracy cases hereafter tried in this circuit. Failure to do so will result in reversal in any case where we believe the omission to have affected substantial rights." 508 F.2d at 577.

The present case was tried after *Honneus,* but the court omitted to give the advance instructions *Honneus* required, apparently because defense counsel did not clearly indicate that it desired them, *see United States v. DeJesus,* 520 F.2d 298, 300–01 (1st Cir.), *cert. denied,* 423 U.S. 865, 96 S.Ct. 126, 46 L.Ed.2d 94 (1975). We are thus squarely presented with the question whether the court's failure to give the proper advance instructions on its own initiative "affected substantial rights." *Id.;* Fed.R.Crim.P. 52(b).

▮ We think the appellants have failed to make the necessary showing of prejudice to warrant reversal under the plain error standard announced in *Honneus.*

Colon Echevarria, the coconspirator whose taped remarks implicating appellants were introduced early in the trial without limiting instructions, later took the stand and himself testified at length to meetings at which he and the three appellants worked out the arrangements for importing 3,000 pounds of marihuana into Puerto Rico. He further testified to involvement of each of the appellants in various aspects of the implementation of this scheme. Because this later nonhearsay testimony of Colon Echevarria implicating the appellants went over much the same ground as his taped remarks and was subject to cross-examination, it neutralized any possible claim of prejudice based on the court's earlier failure to place express limitations upon their reception. *See United States v. Sarno,* 456 F.2d 875, 878 n. 3 (1st Cir. 1972). Had the Federal Rules of Evidence been in effect at the time of trial, the taped remarks might well have been admissible without limiting instructions, after Colon Echevarria had testified and been cross-examined, as prior consistent statements "offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive . . . ." Fed.R.Evid. 801(d)(1)(B); *see* Notes of Advisory Committee on Proposed Rules, at 28 U.S.C.A. Fed.R.Evid. 801. Moreover, in this case as in *Honneus,* the independent non-hearsay evidence was "adequate by any standard." 508 F.2d at 577; *see United States v. Kelley,* 526 F.2d 615, 620 n. 4 (8th Cir. 1975). Under the circumstances, the failure to give advance limiting instructions was not plain error. *Cf. United States v. Buschman,* 527 F.2d 1082, 1085–90 (7th Cir. 1976). While we will not hesitate to reverse for want of a timely instruction where substantial rights are affected, *cf. United States v. Beasley,* 513 F.2d 309, 313 (5th Cir. 1975), *Honneus* did not lay down a rule of automatic reversal, and we do not adopt any such rule now.

Olivero raises two questions that concern only him. The indictment charged Olivero

---

* Appellants do not in this appeal contest the finding that Alberto Guerrero consented to having the conversation recorded. The question of when the conspiracy terminated is discussed separately, *infra.*

in two counts with the substantive crime of possession of marihuana with intent to distribute, 21 U.S.C. § 841(a)(1), and conspiracy to commit that crime, *id.* § 846. The conspiracy count included as named conspirators only Olivero and one Federico Lecaroz Pasarell, a codefendant found not guilty by the jury. The separate counts charging the other defendants with conspiracy to import and possess marihuana did not name Olivero. Each conspiracy count in the indictment, however, included in the alleged conspiracy, "other persons whose names are to the grand jury unknown." Olivero's contentions are first that he should have been tried separately from Rivera Diaz and Cautino Jordan, and second that when the jury acquitted Lecaroz Pasarell on the charge of conspiracy the court should have granted Olivero judgment of acquittal on that charge.

■ We find neither claim persuasive. The evidence at trial was of a single conspiracy, encompassing all of the defendants and many others, whose object was to import marihuana into Puerto Rico, distribute it, and thereby make a profit. While Olivero was charged only with involvement in the distribution aspect of the larger scheme, his participation in that scheme from the beginning was directly relevant to his guilt as charged, and provided a basis for introducing the statements of coconspirators, made in furtherance and in the course of the larger conspiracy, against him. *United States v. Snyder,* 505 F.2d 595, 599 (5th Cir. 1974), *cert. denied,* 420 U.S. 990, 95 S.Ct. 1433 (1975). This was not a case involving "[t]he dangers or transference of guilt from one to another across the line separating conspiracies, subconscious or otherwise . . . ." *Kotteakos v. United States,* 328 U.S. 750, 774, 66 S.Ct. 1239, 1252, 90 L.Ed. 1557 (1946). Whether Olivero's claim is viewed as raising a problem of variance, *see Berger v. United States,* 295 U.S. 78, 82, 55 S.Ct. 629, 79 L.Ed. 1314 (1935), or of misjoinder, *see United States v. Martinez,* 479 F.2d 824, 827–28 (1st Cir. 1973), he has failed to show prejudice warranting rever-

sal. *Cf. United States v. Miley,* 513 F.2d 1191, 1206–09 (2d Cir. 1975).

■ Olivero's second contention, that the acquittal of Lacaroz Pasarell requires the same disposition for him, has no more merit than the first. While it is true that two persons are required for a conspiracy and that acquittal of all coconspirators requires acquittal of the defendant on the charge of conspiracy, it is also true that "one person can be convicted of conspiring with persons whose names are unknown." *Rogers v. United States,* 340 U.S. 367, 375, 71 S.Ct. 438, 443, 95 L.Ed. 344 (1951); *see United States v. Falco,* 496 F.2d 1359, 1361 (5th Cir. 1974); *United States v. Goodwin,* 492 F.2d 1141, 1144–45 (5th Cir. 1974); *United States v. Gordon,* 242 F.2d 122, 125 (3d Cir.), *cert. denied,* 354 U.S. 921, 77 S.Ct. 1378, 1 L.Ed.2d 1436 (1957). Here there was more than enough evidence to support Olivero's conviction for conspiring as charged with "persons whose names are to the grand jury unknown."

■ Two other questions concern only Rivera Diaz and Cautino Jordan. First, they contend that the conspiracies with which they were charged terminated before the time of the conversation between Colon Echevarria and Alberto Guerrero, and that the tape of that conversation should for that reason not have been admitted against them. But, as we have already established, the proof at trial was of a single, ongoing conspiracy to import marihuana and distribute it in Puerto Rico. There was ample evidence that at the time of the taped conversation Colon Echevarria and Olivero at least were still actively engaged in the process of paying off the Colombians from the proceeds of distribution. Since the fruits of the crime were still being divided, the conspiracy was not yet over, *e. g., United States v. Iacovetti,* 466 F.2d 1147, 1153 (5th Cir. 1972), *cert. denied,* 410 U.S. 908, 93 S.Ct. 963, 35 L.Ed.2d 270 (1973); *Atkins v. United States,* 307 F.2d 937, 940 (9th Cir. 1962), and there was no affirmative showing that either Rivera Diaz or Cautino Jordan had withdrawn, *e. g., Pinkerton v.*

*United States,* 328 U.S. 640, 646, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946).

■ Rivera Diaz and Cautino Jordan also contend that they were improperly sentenced. The indictment charged them in four counts with importation, possession, conspiracy to import, and conspiracy to possess; and the court imposed a separate five-year sentence on the jury's finding of guilt on each count. The two appellants argue that there was but a single agreement between them and that under *United States v. Honneus, supra,* there should have been but one sentence for conspiracy. We agree, and ordinarily would remand for resentencing on one conspiracy count, to be selected by the Government, and for dismissal of the other. 508 F.2d 566, 570; *cf. id.* at 570 n. 1. Here, however, the district court made the two five-year conspiracy sentences consecutive, with each to run concurrently with its substantive counterpart (for a total of ten years). In these circumstances, we think the efficient administration of justice will best be served if we simply vacate the convictions on count 3, the second of the two conspiracy counts. *See United States v. Hooper,* 139 U.S.App.D.C. 171, 432 F.2d 604 (1970).

We have examined all of the defendant's remaining contentions and find them without merit. The record shows the trial to have been fair and the evidence sufficient.

As to Rivera Diaz and Cautino Jordan, the judgment on count 3 is vacated. In all other respects the judgment is affirmed.

*So ordered.*