**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Brady Barry MULLINS, Defendant-Appellant.**

No. 77-5254
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 11, 1977.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

---

Robert J. Evans, Rome, Ga. (Court-appointed), for defendant-appellant.

Wm. L. Harper, U. S. Atty., James E. Baker, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before GOLDBERG, CLARK, and FAY, Circuit Judges.

PER CURIAM:

This appeal presents the question whether a defendant's fugitive status tolls the provisions of Rule 609(b) of the Federal Rules of Evidence, which govern the admission of prior convictions for impeachment of witnesses where the witness was released from confinement more than 10 years before the trial where the prior conviction is sought to be introduced. The district court found that the defendant's flight tolled the limitation. We agree.

The defendant, Brady Barry Mullins, appeals his conviction, following trial by jury, for kidnapping and for the use of a firearm in a felony, violations of 18 U.S.C.A. § 1201 and § 924(c)(1), respectively. The district court sentenced the defendant to consecutive terms of 15 years on the kidnapping charge and 5 years on the firearm charge.

On appeal, the defendant contends that the district court erred in allowing the government to introduce a prior conviction for armed robbery to impeach him when he took the stand in his own defense. The prior conviction took place in 1961 and the defendant was confined until 1966. The offenses charged against the defendant took place in 1974 and the defendant was indicted in the same year. He fled and remained a fugitive until his capture in December 1976. On February 28, 1977, he was tried.

Rule 609(a) of the Federal Rules of Evidence allows the use of prior convictions for impeachment of witnesses, but Rule 609(b) makes prior convictions generally inadmissible if more than ten years has elapsed since the date of the witness' release from confinement imposed for the conviction. The defendant contends on appeal that the trial judge improperly held that his voluntary flight tolled the limitation in Rule 609(b) and erroneously applied the more lenient standards of Rule 609(a), rather than the stricter standards of Rule 609(b), in admitting the prior conviction to impeach him as a witness. We agree with the trial court that the defendant's voluntary flight tolled the ten-year limitation in Rule 609(b).

The defendant would not have had the protection of the ten-year limitation if he had not fled to avoid prosecution. By his voluntary wrongful act, he cannot gain the protection of Rule 609(b), which otherwise he would not have had. While the Advisory Committee's notes to Rule 609 offer no guidance on this issue, 18 U.S.C.A. § 3290, which applies to both offenses with which the defendant was charged, provides that "[n]o statute of limitation shall extend to any person fleeing from justice." This provision reflects a Congressional determination that defendants should not gain advantages of statutory limitations by means of flight. Refusal to toll the limitations in Rule 609(b) would undercut the clear intent of Congress.

The judgment of the trial court is

AFFIRMED.