UNITED STATES of America

v.

**David Kennedy BUCKLEY.**

**Crim. No. 84–00008–04–B.**

United States District Court,
D. Maine.

Sept. 16, 1987.

William H. Browder, Asst. U.S. Atty., Portland, Me., for U.S.

David Buckley, pro se.

## MEMORANDUM OF DECISION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

### (28 U.S.C. § 2255)

GENE CARTER, District Judge.

David Kennedy Buckley, who is currently confined in the Federal Correctional Institution at Petersburg, Virginia, has filed with this Court a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

An examination of the motion satisfies the Court that it is without merit and that Movant is not entitled to relief. Movant was charged in a two-count indictment with conspiracy to possess with intent to distribute marijuana under 21 U.S.C. § 846 (Count I), and with possession with intent to distribute marijuana and aiding and abetting under 21 U.S.C. § 841(a)(1) [and 18 U.S.C. § 2] (Count II). On June 29, 1984, Movant entered a plea of guilty to Count I of the indictment and was eventually sentenced thereon by this Court to a term of five (5) years imprisonment. At the time of sentencing, Count II was dismissed on the motion of the United States Attorney.

Movant now challenges the judgment of conviction and alleges ineffective assistance of counsel for the reason that his counsel failed to advise him that Congress had directed the United States Sentencing Commission to promulgate sentencing guidelines which would reflect, among other things,

"the general inappropriateness of imposing consecutive terms of imprisonment for an offense of conspiring to commit an offense or soliciting commission of an offense and for an offense that was the sole object of the conspiracy or solicitation."

*See* 28 U.S.C. § 994(*l*)(2). Movant asserts that he has been prejudiced due to his counsel's failure to inform him of the above-cited congressional directive and because his guilty plea was obtained "under an erroneous assumption" that he could have received consecutive sentences on Counts I and II.

▮ Whatever the effect of 28 U.S.C. § 994(*l*)(2) may ultimately be, it is clear that it can have no effect upon the legality of the inducement of Movant's guilty plea entered on June 29, 1984. The plea was entered more than three months before the effective date of the statute in question (October 12, 1984). 18 U.S.C. § 3551. Moreover, the specific guideline cited still has not taken effect and will not take effect until November 1, 1987. *Id.* The guideline does not declare the law in existence at, or prior to, the time of the entry of this Movant's guilty plea. *Id.* Movant's counsel, in advising him of his maximum exposures to sentence, did not misrepresent those exposures by failing to predict the content of a subsequent congressional act, regardless of the act's effect.

Indeed, independent research and analysis establishes that under the law as of July 29, 1984, Movant was in fact exposed to imposition of separate and cumulative sentences if found guilty of both conspiracy to possess with intent to distribute marijuana (Count I) and the underlying substantive offense of possession of marijuana with intent to distribute (Count II).

The United States Supreme Court dealt in *Callanan v. United States,* 364 U.S. 587, 81 S.Ct. 321, 5 L.Ed.2d 312 (1961), with a challenge to consecutive sentencing [1] on

1. Movant cannot make any claim that he could not be charged and tried for both offenses. *See*

*Ball v. United States,* 470 U.S. 856, 861, 105 S.Ct. 1668, 1671, 84 L.Ed.2d 740 (1985) ("Congress

convictions under the Hobbs Anti-Racketeering Act, 18 U.S.C. § 1951, for conspiracy and for the underlying substantive offense which was the purpose of the conspiracy. The Court first dispatched any infirmity in the sentencing format based upon the common law doctrine of merger of the lesser offense into the greater. *Id.* at 589–90, 81 S.Ct. at 322–23.[2] The Court then dealt with the issue of whether the Congress, in enacting the statute separately defining the two offenses in question, manifested any intent that they should not be the subject of cumulative punishment. The Court found no such intent to have existed. It reasoned as follows:

> The distinctiveness between a substantive offense and a conspiracy to commit is a postulate of our law. 'It has been long and consistently recognized by the Court that the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses. Over the years, this distinction has been applied in various situations. For example, in *Clune v. United States,* 159 U.S. 590 [16 S.Ct. 125, 40 L.Ed. 269], the Court upheld a two-year sentence for conspiracy over the objection that the crime which was the object of the unlawful agreement could only be punished by a $100 fine. The same result was reached when, as in the present case, both offenses were described within the same statute. In *Carter v. McClaughry,* 183 U.S. 365, [22 S.Ct. 181, 46 L.Ed. 236], cumulative sentences for conspiracy to defraud and fraud were upheld. 'Cumulative sentences,' the Court pronounced, 'are not cumulative punishments, and a single sentence for several offenses, in

excess of that prescribed for one offense, may be authorized by statute.'

This settled principle derives from the reason of things in dealing with socially reprehensible conduct: collective criminal agreement—partnership in crime—presents a greater potential threat to the public than individual delicts. Concerted action both increases the likelihood that the criminal object will be successfully attained and decreases the probability that the individuals involved will depart from their path of criminality. Group association for criminal purposes often, if not normally, makes possible the attainment of ends more complex than those which one criminal could accomplish. Nor is the danger of a conspiratorial group limited to the particular end toward which it has embarked. Combination in crime makes more likely the commission of crimes unrelated to the original purpose for which the group was formed. In sum, the danger which a conspiracy generates is not confined to the substantive offense which is the immediate aim of the enterprise.

*Callanan,* 364 U.S. at 593–94, 81 S.Ct. at 325 (citations omitted). The Court concluded that Congress clearly intended, in enacting the statute there in question, "to maintain a long-established distinction between offenses essentially different; a distinction whose practical importance in the criminal law is not easily over-estimated." *Id.* at 594, 81 S.Ct. at 325. The Court said that because "[t]his is an ordinary case of a defendant convicted of violating two separate provisions of a statute, whereby Con-

---

can be read as allowing charges under two different statutes with conviction and sentence confined to one.") Thus his claim must be understood to be that he was misled by an erroneous assertion that he could be *convicted* and sentenced *cumulatively* on both Counts I and II.

2. The Court's analysis ran as follows:
   Under the early common law, a conspiracy—which constituted a misdemeanor—was said to merge with the completed felony which was its object. This rule, however, was based upon significant procedural distinctions between misdemeanors and felonies. The de-

fendant in a misdemeanor trial was entitled to counsel and a copy of the indictment; these advantages were unavailable on trial for a felony. Therefore no conviction was permitted of a constituent misdemeanor upon an indictment for the felony. When the substantive crime was also a misdemeanor, or when the conspiracy was defined by statute as a felony, merger did not obtain. As these common law procedural niceties disappeared, the merger concept lost significance, and today it has been abandoned.
*Callanan,* 364 U.S. at 589–90, 81 S.Ct. at 323 (citations omitted).

gress defined two historically distinctive crimes composed of differing components," the trial judge was authorized to impose separate sentences. *Id.* at 597, 81 S.Ct. at 327.

The significance of *Callanan* is two-fold: (1) it disposes of any argument that the merger doctrine precludes cumulative sentencing on convictions for conspiracy and the underlying substantive offense, and (2) it establishes that the test of the legality of such sentencing is whether the Congress, in defining two distinctive offense, manifested an intent that they not be punished cumulatively.

Fourteen years later, the Court decided in *Iannelli v. United States*, 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975), a challenge to cumulative sentencing[3] for convictions for violating a federal gambling statute, 18 U.S.C. § 1955, and for an illegal conspiracy for such purpose under the general conspiracy statute, 18 U.S.C. § 371. The Court reaffirmed its *Callanan* holding on the nonapplicability of the common law doctrine of merger to such offenses:

> Traditionally the law has considered conspiracy and the completed substantive offense to be separate crimes. Conspiracy is an inchoate offense, the essence of which is an agreement to commit an unlawful act. Unlike some crimes that arise in the single transaction the conspiracy to commit an offense and the subsequent commission of that crime normally do not merge into a single punishable act. Thus it is well recognized that in most cases separate sentences can be imposed for the conspiracy to do an act and for the subsequent accomplishment of that end.

*Iannelli*, 420 U.S. at 777–78, 95 S.Ct. at 1289–90 (citations omitted). The Court then passed to a consideration of Congress's intent in enacting 18 U.S.C. § 1955 *vis-a-vis* preclusion of separate punish-ments for violation of that section and of the general conspiracy statute for conspiring to do so. The Court concluded:

> Had Congress intended to foreclose the possibility of prosecuting conspiracy offenses under § 371 by merging them into prosecutions under § 1955, we think it would have so indicated explicitly. It chose instead to define the substantive offense punished by § 1955 in a manner that fails specifically to invoke the concerns which underlie the law of conspiracy.

*Id.* at 789, 95 S.Ct. at 1296. Thus the Court found no impediment to the separate cumulative sentences imposed.

The Court next came, in *Albernaz v. United States*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981), to apply its rationale to the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. §§ 801, *et seq.*, under the provisions of which the movant was charged, convicted, and sentenced. In that case, the defendants were convicted of two *conspiracy* offenses: one to import marijuana in violation of 21 U.S.C. § 963, and the other to distribute marijuana in violation of 21 U.S.C. § 846 (the same section under which Movant was convicted and sentenced in this case). The Court framed the issue as "whether consecutive sentences may be imposed when conviction under those statutes arise from participation in a single conspiracy." *Id.* at 336, 101 S.Ct. at 1141. The answer to that question was to be determined, the Court concluded, by application of the test articulated in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932):

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only

---

3. Each defendant was fined and sentenced to a probationary term on the section 1955 convictions for the substantive offense. Each was then sentenced to a probationary term on the section 371 conspiracy conviction to be served concurrently with the probationary term on the convictions for the substantive offenses. In the case of seven of the defendants, however, the second probationary term exceeded in its duration that of the probationary term imposed for the substantive offense conviction, thus having an actual cumulative effect in determining the total time to be served by these defendants. *Id.* at 772 n. 4, 95 S.Ct. at 1287 n. 4.

one, is whether each provision requires proof of a fact which the other does not. *Id.* The Court concluded:

The statutory provisions at issue here clearly satisfy the rule announced in *Blockburger* and petitioners do not seriously contend otherwise. Sections 846 and 963 specify different ends as the proscribed object of the conspiracy—distribution as opposed to importation—and it is beyond a peradventure that 'each provision requires proof of a fact [that] the other does not.' Thus, application of the *Blockburger* rule to determine whether Congress has provided that these two statutory offenses be punished cumulatively results in the unequivocal determination that §§ 846 and 963, ... proscribe separate statutory offenses the violations of which can result in the imposition of consecutive sentences.

*Id.* at 339, 101 S.Ct. at 1142.[4] Distinguishing the case from that of *Braverman v. United States,* 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23 (1942), the Court observed that:

[n]othing ... in the legislative history which has been brought to our attention discloses an intent contrary to the presumption which should be accorded to these statutes after application of the *Blockburger* test. In fact, the legislative history is silent on the question of whether consecutive sentences can be imposed for conspiracy to import and distribute drugs.

*Id.* at 340, 101 S.Ct. at 1143. From this the Court concluded that "Congress was aware of the *Blockburger* rule and legislated with it in mind." *Id.* at 342, 101 S.Ct. at 1144.

The Court went on to deny the applicability of the "rule of lenity," *see Bifulco v. United States,* 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980), to prevent imposition of consecutive sentences for the offenses in question. The Court stated:

Lenity ... serves only as an aid for resolving an ambiguity; it is not to be used to beget one ... [T]he rule of lenity simply has no application in this case; we are not confronted with any statutory ambiguity. To the contrary, we are presented with statutory provisions which are unambiguous on their face and a legislative history which gives us no reason to pause over the manner in which these provisions should be interpreted ... Congress has in effect determined that a conspiracy to import drugs and to distribute them is twice as serious as a conspiracy to do either object singly. This result is not surprising for, as we observed many years ago, the history of the narcotics legislation in this country 'reveals the determination of Congress to turn the screw of the criminal machinery —detection, prosecution and punishment—tighter and tighter.'

*Id.* at 342–43, 52 S.Ct. at 1144 (citations omitted).

This Court recognizes that the precise holding in *Albernaz* is factually distinguishable from the present case in that *Albernaz* involved multiple convictions under the Act for conspiracy as opposed to multiple convictions for conspiracy and the underlying substantive offense. Nevertheless, several conclusions can be drawn from the Court's opinion in *Albernaz* which are pertinent to analysis of the issue at bar under the Comprehensive Drug Abuse Prevention and Control Act of 1970. First, the doctrine of merger imposes no impediment to cumulative sentences under the Act. Second, the inquiry to be made to determine whether any impediment does exist is whether Congress has indicated any intent that punishments *not* be cumulative for separate offenses. Third, the applicable

---

**4.** The Court of Appeals for the First Circuit had previously reached a contrary conclusion on the legality of imposing cumulative sentences on multiple conspiracy convictions where the conduct underlying each was part of a single conspiracy for multiple purposes. *United States v. Honneus,* 508 F.2d 566, 569–70 (1st Cir.1974), *cert. denied,* 421 U.S. 948, 95 S.Ct. 1677, 44 L.Ed.2d 101 (1975). That case was summarily followed by the Court in *United States v. Rivera Diaz,* 538 F.2d 461, 466 (1st Cir.1976), and is cited in *dictum* in *United States v. Cruz Pagan,* 537 F.2d 554, 559 (1st Cir.1976).

The Court of Appeals has since acknowledged that *Honneus* no longer represents the law in light of the United States Supreme Court holding in *Albernaz. United States v. Christensen,* 732 F.2d 20, 23 and n. 5 (1st Cir.1984).

test for resolution of that question is the "distinct element" test set out in *Blockburger*. Fourth, the application of that test to convictions for conspiracy under section 963 and section 846 (the basis of Movant's conviction and sentence in the present case) discloses no impediment to cumulative sentencing. Fifth, the "rule of lenity" is not applicable to those sections to bar cumulative sentencing.

The precise issue to which this Court's present analysis is addressed is whether the *Callanan-Iannelli-Albernaz* analysis requires any different result when directed to convictions under section 846 (conspiracy) and section 841(a)(1) (possession with intent to distribute). This Court concludes that the analysis yields the same result when applied to such convictions. If, as *Albernaz* holds, a defendant may be convicted and cumulatively sentenced on multiple conspiracy convictions arising out of conduct that constitutes a single conspiracy for multiple purposes, it is difficult to perceive any significant analytical difference in the situation where the multiple convictions are for conspiracy and the underlying substantive offense.

Here, the Movant is subject to punishment for offenses that are unambiguously defined as separate offenses. *See United States v. George*, 752 F.2d 749, 756 (1st Cir.1985). Application of the *Blockburger* test shows that "each provision requires proof of a fact which the other does not." *United States v. Cruz*, 568 F.2d 781, 783 (1st Cir.1978), *cert. denied*, 444 U.S. 898, 100 S.Ct. 205, 62 L.Ed.2d 133 (1979). The possession offense requires proof that the defendant possessed the drug. The conspiracy offense does not require such proof. Proof of the knowing participation in an agreement to possess with intent to distribute completes the offense under section 846. *Iannelli*, 420 U.S. at 777 & n. 10, 95 S.Ct. at 1289 & n. 10 (1975). No proof of any overt act is required under section 846. *United States v. DeJesus*, 520 F.2d 298, 301 (1st Cir.1975), *cert. denied*, 423 U.S. 865, 96 S.Ct. 126, 46 L.Ed.2d 94 (1976); *George*, 752 F.2d at 756.

On the other hand, the conspiracy offense requires proof of an agreement to possess with intent to distribute while the possession offense requires no such proof. *United States v. Wylie*, 625 F.2d 1371, 1381–82 (9th Cir.1980), *cert. denied, Perluss v. United States*, 449 U.S. 1080, 101 S.Ct. 863, 66 L.Ed.2d 804 (1981). The latter offense can be committed by one's sole possession with intent to distribute.

Finally, the Court can find nothing in the legislative history of section 841(a)(1), or in the statute itself, giving any indication that Congress intended to proscribe cumulative punishment where violation of that statute was also the goal of a section 846 conspiracy. The legislative record is again silent, as in *Albernaz*. *See United States v. Wylie*, 625 F.2d at 1381 (9th Cir.1980) ("We find nothing in either the Act or the legislative history which would indicate that Congress intended to depart from the general rule that courts can impose separate sentences for the conspiracy to commit an offense and the accomplishment of the substantive offense itself."); *United States v. Bommarito*, 524 F.2d 140, 143–44 (2d Cir. 1975) ("The structure and legislative history of the drug abuse act provide persuasive evidence that, because of the special dangers which conspiracies to distribute controlled drugs pose to society, Congress did intend that a conspiracy to violate the Act should constitute a separate crime in addition to the substantive offense.") (footnote omitted).

The Court can find no case in which the Court of Appeals for the First Circuit has addressed the precise issue. The Court approached the issue on the facts of *United States v. Christensen*, 732 F.2d 20 (1st Cir.1984), dealing with multiple convictions under each of the subdivisions of section 955a(a)–(d) of the Act. There, following the *Albernaz* rationale and applying the *Blockburger* test, the Court concluded:

> In sum, we are dealing with facially separate offenses set forth in distinct sections of the statute. We note that each of the four offenses requires proof of a fact not required by any other. We have reviewed the legislative reports accompanying this legislation. We see a deepseated motive to fill loopholes defeating prior efforts to prevent smuggling. We

see no indications one way or the other as to the pyramiding of penalties. We therefore feel constrained to say that 21 U.S.C. § 955a(a)-(d) states separate offenses, because each section requires some factual proof not required by another, and that, there being only a neutral record, there is no positive indication that the Congress did not desire cumulative sentencing.

*Christensen*, 732 F.2d at 23 (citing *United States v. Marrale*, 695 F.2d 658, 662 (2d Cir.1982). The Court had previously noted, without adverse comment, a defendant's concession that under the Act aiding and abetting is a substantive charge and that generally a defendant may be prosecuted for both conspiracy and the underlying substantive offense, even when the substantive offense is aiding and abetting. *United States v. Bosch*, 584 F.2d 1113, 1118 (1st Cir.1978).[5]

Finally, as recently as 1986, the Court, in denying a claim that separate sentences could not lawfully be imposed on multiple convictions for conspiracy under 18 U.S.C. § 371 (the general conspiracy statute) and the underlying substantive offenses of unlawful transportation of firearms under 18 U.S.C. § 922(i) and possession of the same firearms under 18 U.S.C. App. § 1202(a)(1) of the Firearms control statutes, observed:

> It has long been established that violation of a conspiracy statute and substantive criminal violations, which were the objects of the conspiracy, may be separately charged and, on conviction, may be properly punished by separate sentences.

*United States v. Reis*, 788 F.2d 54, at 57 (1st Cir.1986) (*citing Pinkerton v. United States*, 328 U.S. 640, 643, 66 S.Ct. 1180, 1181-82, 90 L.Ed. 1489 (1946).)

However, there are numerous decisions from various circuits upholding the imposition of separate or consecutive sentences on multiple convictions based upon sections 846 and 841(a)(1): *United States v. Bommarito*, 524 F.2d 140 (2d Cir.1975); *Curtis v. United States*, 546 F.2d 1188, 1190 (5th Cir.1977), *cert. denied*, 431 U.S. 908, 97 S.Ct. 1705, 52 L.Ed.2d 393 (1977); *United States v. Baldarrama*, 566 F.2d 560, 570 (5th Cir.1978), *cert. denied*, 439 U.S. 844, 99 S.Ct. 140, 58 L.Ed.2d 145 (1978); *United States v. Foundas*, 610 F.2d 298, 301-02 (5th Cir.1980); *United States v. Anderson*, 654 F.2d 1264, 1268-69 (8th Cir.1981), *cert. denied*, 454 U.S. 1127, 102 S.Ct. 978, 71 L.Ed.2d 115 (1981); *United States v. Wylie*, 625 F.2d 1371, 1381-82 (9th Cir.1980); *see also Annotation*, "When May Offender Found Guilty of Multiple Crimes Under Comprehensive Drug Abuse Prevention and Control Act of 1970 ... Be Punished for Only One Offense," 80 A.L.R.Fed. 794, 890 (1986).

Thus even assuming *arguendo* that Movant's counsel did advise him, as claimed, that he faced consecutive sentences on the two-count indictment herein, Movant cannot prevail in this action on his claim to vacate the sentence as illegal for the simple reason that that advice represents an accurate statement of the law, both as of June 29, 1984 and, in fact, as of this date. Accordingly, the Motion to Vacate, Set Aside, or Correct Sentences is hereby *DENIED* as frivolous and without merit.

So ORDERED.

---

5. Count II of the indictment herein also referred to 18 U.S.C. § 2, thereby charging commission of the offense of possession with intent to distribute by "aiding and abetting."