923 F.2d 849
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Anthony CARTER, Defendant-Appellant.
 No. 90-5789.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 6, 1990.
Decided Jan. 25, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., District Judge. (CR-89-199-G)
 Susan Hayes, Greensboro, N.C., for appellant.
 David Bernard Smith, Assistant United States Attorney, Senior Litigation Counsel, Greensboro, N.C., (Argued), for appellee; Robert H. Edmunds, Jr., United States Attorney, Greensboro, N.C., on brief.
 M.D.N.C.
 AFFIRMED.
 Before WIDENER and CHAPMAN, Circuit Judges, and DAVID C. NORTON, United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Following a jury trial, Michael Anthony Carter was convicted of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. Secs. 846 and 841(b)(1)(B), convicted of possession with intent to distribute cocaine in violation of 21 U.S.C. Secs. 841(a)(1) and (b)(1)(B), and also convicted of carrying or using three firearms in connection with his drug trafficking in violation of 18 U.S.C. Sec. 924(c)(1). He appeals these convictions and claims that it was error for the trial court not to grant his motion for acquittal under Federal Rule of Criminal Procedure 29(a) because the evidence was not sufficient to convict him beyond a reasonable doubt. He also claims error because the trial judge reserved his ruling on the Rule 29 motion and did not rule upon the motion when it was originally made at the conclusion of the government's case.
 
 
 2
 We find that the evidence was sufficient to sustain the convictions and that any error in delaying the ruling on the Rule 29 motion was harmless.
 
 
 3
 * This case is unusual because the two indicted co-conspirators, William Peoples and Serena Williams, were acquitted by the jury. However, the verdicts of guilty as to Carter "must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). While much of the prosecution's evidence related to the co-conspirators, Peoples and Williams, the evidence established that Carter lived at and co-leased 708 Julian Street, Greensboro, North Carolina. On August 22, 1989, at such address, an informant made a purchase of cocaine for $300 with money furnished to the informant by the Greensboro Police Department. Appellant Carter was present when this purchase was made, but the evidence does not show that he personally handled either the money or the drugs. The room in which this purchase occurred was occupied at various times by appellant and his brother. After the drug purchase had been made, a search warrant was executed on the same date at 708 Julian Street. The police found the back room (identified as appellant's room) padlocked, and after forcing the lock, the officers searched the room. This search produced three firearms, two of which were loaded, a Thermos cooler chest or box which contained 17.6 grams of crack cocaine, $937 in currency, including eleven marked bills that had been used in the drug purchase in the same room earlier that day, and various receipts in appellant's name. From a dresser in the same room, the police seized another receipt in appellant's name and two portable police radio scanners.
 
 
 4
 Following the search of the house, the police arrested Carter and found on his person $600 in currency and a telephone pager. After appellant had been advised of his Miranda rights, and while he was being booked at the police station, he advised the officers that the cocaine seized from the cooler was his and that he had a bad cocaine habit. Later he stated that the cocaine belonged to a friend, but he refused to identify the friend. There was also evidence of transactions between the informant and the co-conspirators.
 
 II
 
 5
 The existence of a conspiracy need not be proved by direct evidence. It may be established by circumstantial evidence from which a jury may reasonably infer the existence of the conspiracy, the members thereof and the overt acts committed in furtherance thereof. United States v. Laughman, 618 F.2d 1067 (4th Cir.), cert. denied, 447 U.S. 925 (1980). It is essential that the evidence warrants a jury finding that a conspiracy existed, and that the appellant was aware of the conspiracy and voluntarily became a part of it. United States v. Dominguez, 604 F.2d 304 (4th Cir.1979), cert. denied, 444 U.S. 1014 (1980).
 
 
 6
 The evidence in the present case was sufficient to establish a conspiracy involving appellant Carter, Williams and Peoples. The acquittal of the co-defendants does not render the appellant's conspiracy conviction invalid, particularly where the indictment alleges that other co-conspirators unknown to the grand jury were involved. United States v. Rivera Diaz, 538 F.2d 461, 465 (1st Cir.1976). In the present case, the evidence was sufficient to sustain a conviction against Williams and Peoples, if they had been convicted. The evidence established sufficient drug dealings between and among the three named conspirators to support the finding of a conspiracy and of defendant's knowledge of the purpose of the conspiracy and his willful participation therein. There was also evidence that Ronald White and Ronald Caviness, who were not indicted, were involved in drug transactions that could have included Carter.
 
 III
 
 7
 The evidence was also sufficient to establish constructive possession by Carter of the cocaine found in the cooler. Possession may be either actual or constructive, and it may be sole or joint. The evidence established that although Carter may not have had exclusive access to the locked room where the cocaine and other evidence was found, he had access to the room and knowledge of and control over the contraband. This, with the other evidence of cocaine sales, would be sufficient to support a jury finding that he had possession and that he intended to distribute the cocaine by selling it to others.
 
 IV
 
 8
 There was also sufficient evidence to establish constructive possession of the three firearms. The weapons were found in the locked room and close to the cooler that contained the cocaine. The room had been used for a prior illegal drug sale, and Carter was a co-lessee of the house and occupant of the room where the drugs and the firearms were found. Under these circumstances, a jury could reasonably conclude that Carter's possession of the firearms was an integral part of the felony of possessing cocaine with intent to distribute and a violation of 18 U.S.C. Sec. 924(a)(1). See United States v. Robinson, 857 F.2d 1006, 1010 (5th Cir.1988); United States v. Matra, 841 F.2d 837, 841-42 (8th Cir.1988).
 
 V
 
 9
 In United States v. Chorman, 910 F.2d 102 (4th Cir.1990), we found that it was error for the trial court to reserve its ruling on a motion by a defendant for judgment of acquittal under Rule 29(a) at the conclusion of the government's case-in-chief. However, we found that such error is harmless if the evidence, viewed in the light most favorable to the government, was sufficient to take the case to the jury. The facts in the present case met this sufficiency test. Neither the appellant's testimony nor any of the evidence presented by him supplies proof of any element necessary to support a conviction of any of the crimes of which he was convicted. Although the trial judge should have ruled upon the Rule 29(a) motion when it was made, the failure to do so was harmless error.
 
 
 10
 We have concluded that the convictions are supported by substantial evidence and that any error was harmless. The judgment of the district court is
 
 
 11
 AFFIRMED.