[No. 36920-2-I.   Division One.   May 19, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. MICHAEL DEAN CLARKE, *Appellant*.

*John Henry Browne* and *Browne & Ressler*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Peter Goldman, Deputy*, for respondent.

KENNEDY, A.C.J. — Michael Clarke appeals his convictions of one count of first degree murder, one count of attempted first degree murder, and one count of second degree assault contending, inter alia, that the trial court abused its discretion in permitting the State to impeach him with a robbery conviction that was more than 10 years old. Because Clarke's fugitive status tolled the time limitation rule of ER 609(b), we hold that the trial court properly admitted the robbery conviction despite the fact that it was more than 10 years old, and affirm Clarke's convictions.[1]

## FACTS

In the late afternoon of February 18, 1986, family members found Gail Clarke stabbed to death in her trailer home. Gail's nine-year-old niece, Mandi Teeters, who had spent the night with Gail, was in bed next to her. Mandi had been beaten and had suffered superficial stab wounds. Despite her injuries, Mandi was able to run to her father when he entered the room. When her father asked her who had "done this," she responded, "Uncle Mike." Report of Proceedings, vol. 5 at 167.

On February 19, 1986, the King County Prosecutor charged Michael Clarke with the first degree murder of Gail Clarke and the attempted first degree murder of Mandi Teeters. Clarke fled to avoid prosecution and remained a fugitive for over eight years. Following a tip generated by the television program *America's Most Wanted*, Clarke was arrested in California on August 18, 1994. He was brought to trial on April 4, 1995. Shortly thereafter, the State amended the information to include a charge of second degree assault for the beating and stab-

---

[1]The remainder of Clarke's contentions on appeal are discussed in the unpublished portion of the opinion.

bing of Mandi Teeters. The defense did not object to the amendment.

The central issue at trial was whether Gail committed suicide or was killed by Clarke. Although Clarke testified that Gail committed suicide by stabbing herself in the chest, the jury disbelieved him and found him guilty of all three counts. On June 30, 1995, the trial court entered judgment and sentence, imposing exceptional sentences of 600 months for the first degree murder conviction and 582 months for the attempted first degree murder conviction. Although Clarke was also convicted of second degree assault, no separate sentence was imposed for that count. This timely appeal followed.

## DISCUSSION

Prior to trial, the State moved under ER 609(a)(2) to impeach Clarke with his 1983 first degree robbery conviction, if Clarke should testify at the trial. It was undisputed that, at the time of trial, the conviction was more than 10 years old, and that more than 10 years had elapsed since Clarke's release from custody on the conviction. The trial court granted the State's motion, concluding that the robbery conviction was per se admissible as a crime involving dishonesty, and that the 10-year time limitation of ER 609(b) did not preclude admissibility of the evidence because Clarke had been a fugitive from justice for nearly 9 of the 10 years, effectively tolling the running of the limitation period. Clarke challenges the admission of the evidence, contending that the trial court erred in permitting the State to impeach him with his "stale" robbery conviction.

ER 609(a) permits the use of prior felonies for the limited purpose of attacking the credibility of a witness, including a defendant in a criminal case. *State v. Rivers*, 129 Wn.2d 697, 704, 921 P.2d 495 (1996); *State v. Thompson*, 95 Wn.2d 888, 890, 632 P.2d 50 (1981); *State v. Millante*, 80 Wn. App. 237, 244, 908 P.2d 374 (1995), *review*

*denied,* 129 Wn.2d 1012 (1996); *State v. King,* 75 Wn. App. 899, 904, 878 P.2d 466 (1994), *review denied,* 125 Wn.2d 1021 (1995). The rule provides:

> For the purpose of attacking the credibility of a witness in a criminal or civil case, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record during examination of the witness but only if the crime (1) was punishable by death or imprisonment in excess of 1 year under the law under which the witness was convicted, and the court determines that the probative value of admitting this evidence outweighs the prejudice to the party against whom the evidence is offered, or (2) involved dishonesty or false statement, regardless of the punishment.

ER 609(a). ER 609(b) limits the convictions that may be admitted for impeachment purposes. It provides, in pertinent part:

> Evidence of a conviction under this rule is not admissible if a period of more than 10 years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

ER 609(b).

The decision whether to admit a prior conviction is within the trial court's discretion, and will not be disturbed on appeal absent an abuse of discretion. *Rivers,* 129 Wn.2d at 704-05; *Thompson,* 95 Wn.2d at 892; *State v. Begin,* 59 Wn. App. 755, 762, 801 P.2d 269 (1990), *review denied,* 116 Wn.2d 1019 (1991). A trial court abuses its discretion when its decision is manifestly unreasonable, or is exercised on untenable grounds or for untenable reasons. *State v. Alexander,* 125 Wn.2d 717, 732, 888 P.2d 1169 (1995); *State v. Bible,* 77 Wn. App. 470, 471, 892 P.2d 116, *review denied,* 127 Wn.2d 1011 (1995).

In holding that the admission of Clarke's 1983 robbery conviction was not barred by the time limitation rule of ER 609(b), the trial court relied on *United States v. Mullins*, 562 F.2d 999 (5th Cir.), *cert. denied*, 435 U.S. 906 (1977). In *Mullins*, the defendant, who had a 1966 robbery conviction, absconded after being indicted for kidnapping in 1974. He was apprehended in 1976 and brought to trial in 1977. The Fifth Circuit held that although the defendant's 1966 robbery conviction was 11 years old at the time of trial, it could nonetheless be used for impeachment purposes under Fed. R. Evid. 609(b) because, had the defendant not absconded, the conviction would have been less than 10 years old at the time of trial. Holding that the defendant's flight tolled the running of the limitation period, the court emphasized that it would not allow a defendant to benefit from absconding: "The defendant would not have had the protection of the ten-year limitation if he had not fled to avoid prosecution. By his voluntary wrongful act, he cannot gain the protection of Rule 609(b), which otherwise he would not have had." *Mullins*, 562 F.2d at 1000.

Clarke contends that the trial court erred in relying on *Mullins*, arguing that the Fifth Circuit based its holding in that case on a federal statute with no Washington counterpart. The statute referenced in *Mullins* was 18 U.S.C.A. § 3290, which provides: "No statute of limitations shall extend to any person fleeing from justice." Rather than relying on 18 U.S.C.A. § 3290, however, the Fifth Circuit merely concluded that its holding was consistent with the rule set forth in the federal statute, as well as the legislative intent evidenced by the statute. We can do the same in the present case. Although Clarke correctly notes that there is no direct Washington counterpart to 18 U.S.C.A. § 3290, this state's criminal statute of limitations, RCW 9A.04.080, provides that the limitation periods set forth in the statute do not run during any time when the defendant was not "usually and publicly resident within this state." Moreover, Washington courts have previously held in other contexts that statutes of limitations can be tolled

by a defendant's criminal conduct. *E.g.*, *State v. Argo*, 81 Wn. App. 552, 567-68, 915 P.2d 1103 (1996) (holding that the statute of limitations for securities fraud was tolled by the defendant's lulling activities that served to perpetuate the fraud).

We agree with the *Mullins* court that a defendant who has been a fugitive from justice should receive no benefit from fleeing to avoid prosecution. Because the tolling of the 10-year limitation period set forth in ER 609(b) when a defendant is a fugitive from justice is based on sound policy considerations, and because it is consistent with established Washington law, we hold that the trial court did not err in finding that Clarke's 1983 robbery conviction was admissible despite the time limitation rule of ER 609(b).

Clarke next asserts that the trial court erred in concluding that his 1983 robbery conviction was per se admissible as a crime involving dishonesty or false statement. Although Clarke concedes that robbery is now considered a crime involving dishonesty and therefore per se admissible under ER 609(a)(2), *see Rivers*, 129 Wn.2d at 705, he argues that in 1986, robbery was not considered a crime of dishonesty, and that it is thus "doubtful" that his conviction would have been admissible had his trial taken place in 1986. Clarke's argument is misplaced. It is the rules of evidence in effect at the time of trial that control. *See United States v. Rivera Diaz*, 538 F.2d 461, 464 (1st Cir. 1976). Moreover, the sole reason that Clarke's trial occurred in 1995 rather than 1986 was that he was fugitive for over 8 years. Even if Clarke were found to be correct in his interpretation of the law as of 1986, an issue we need not decide, he will not be heard to complain that the State was put in a better position than it would have been in 1986. By fleeing prosecution and remaining a fugitive for almost a decade, Clarke will be held to bear the risk of any intervening changes in evidentiary law that his actions brought upon him.

Because robbery is a crime involving dishonesty or false

statement and therefore per se admissible under the rules of evidence in effect at the time of Clarke's trial, the court did not err in failing to analyze on the record whether the probative value of admitting the evidence outweighed the prejudice to Clarke. The court acted well within its discretion in permitting the State to impeach Clarke with his 1983 robbery conviction, and we affirm.

A majority of this panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

COLEMAN and WEBSTER, JJ., concur.

Review denied at 133 Wn.2d 1018 (1997).